IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY PIERRE, | : |
| Petitioner | : |
| | : CIVIL NO. 4:CV-08-1370 |
| v. | : (Judge Jones) |
| DAVID EBBERT, *et al.*, | : |
| Respondents | : |

## MEMORANDUM

August 15, 2008

On July 21, 2008, Petitioner Kelly Pierre, an inmate confined at the Clinton County Correctional Facility in McElhattan, Pennsylvania, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) He raises various challenges to his 2006 conviction in the United States District Court for the Southern District of New York. (Doc. 1.)

Preliminary consideration has been given to the Petition. The Court lacks jurisdiction over Pierre's claims, and thus the Petition will be summarily dismissed without requiring a response from Respondent. *See* Rule 4, Rules Governing Section

2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to 2241 petitions under Rule 1(b)).[1]

## I. BACKGROUND

On July 27, 2006, Pierre was sentenced in the United States District Court for the Southern District of New York to a forty-six (46) month term of imprisonment. (Doc. 1 at 2.) The sentence was imposed after Pierre pled guilty to charges of conspiracy to commit mail and wire fraud under 18 U.S.C. § 371. (*Id.*) Pierre states that he has not previously filed a motion pursuant to 28 U.S.C. § 2255. (*Id.* at 4.) He avers that he filed a direct appeal from his conviction, but that no decision was issued.[2] (*Id.* at 2-3.)

In his instant Petition, Pierre alleges that he is being illegally confined because his sentence was imposed in violation of the Constitution and laws of the United States. (*See* Doc. 1 at 12.) Pierre alleges that there was no subject matter jurisdiction for the complaint filed against him and therefore, the Court did not have jurisdiction

---

[1] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

[2] Pierre's appeal was disposed of several days before the instant Petition was filed by July 17, 2008 summary order of the Second Circuit Court of Appeals which affirming Pierre's conviction and judgment of sentence. *See U.S.A. v. Kelly Clarence Pierre, et al.*, No. 06-4088-cr, 2008 WL 2776493 (2d Cir. July 18, 2008). On appeal, Pierre challenged only the District Court's order requiring him to pay restitution. *See id.* at *1. Therefore, it appears that Pierre has not previously attempted to challenge the judgment of sentence that was imposed after he entered a guilty plea.

to enter a judgment against him. (*See id.* at 18-33.) He claims that the crime to which he pled guilty did not happen. (*See id.* at 33.)

## II. DISCUSSION

A federal criminal defendant's conviction and sentence are ordinarily subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. *See United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999); *see also Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).

A defendant can challenge a conviction or sentence under § 2241 only if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *see also Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d at 251. Habeas corpus under § 2241 is "reserved for rare cases," and therefore, this "safety-valve" provision of § 2255 must be strictly construed. *In re Dorsainvil*, 119 F.3d at 250, 251.

A § 2255 motion is inadequate or ineffective only where the petitioner shows that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year

statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538.

Pierre has not asserted that § 2255 provides an inadequate or ineffective remedy. He admits that he has not yet filed a § 2255 Motion with the sentencing court. Section 2255 imposes a one-year statute of limitations on motions filed under that section. 28 U.S.C. § 2255(f). In pertinent part, the limitations period begins to run from "the date on which the judgment of conviction becomes final." *Id.* In this case, the judgment of conviction has not yet become final. The Second Circuit Court of Appeals affirmed the judgment of sentence on July 17, 2008. If, after appealing to the court of appeals, a criminal files a petition for writ of certiorari, "a judgment of conviction does not become 'final' within the meaning of § 2255 until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari." *Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999). "[I]f a defendant does not file a certiorari petition, the judgment of conviction does not become 'final' until the time for seeking certiorari review expires," which is 90 days from the date on which the court of appeals affirms the judgment of conviction to file a petition for a writ of certiorari. *Id.* at 570-71 (citing Sup. Ct. R. 13.) Pierre has not filed a prior § 2255 petition and the statute of limitations in which to file one

4

has not even yet begun to run. Therefore, § 2255 is plainly not inadequate or ineffective, and the Court lacks jurisdiction over this § 2241 petition.

### III. CONCLUSION

For the foregoing reasons, this Court does not have jurisdiction over Pierre's claims. Therefore, the Petition (Doc. 1) will be dismissed. An appropriate Order shall issue on today's date.